NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| LEVINE DICKERSON, | : | |
| | : | CIV. NO. 20-4376 (RMB-JS) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF ATLANTIC CITY, *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Levine Dickerson, a pretrial detainee confined in Atlantic County Justice Facility in Mays Landing, New Jersey, filed this civil rights action on April 6, 2020. (Compl., Dkt. No. 1.) Plaintiff seeks to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915. (Id.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

> period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of the complaint, as required by statute. The account statement must be certified by the appropriate prison official.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

For the reasons discussed below, if Plaintiff was granted IFP status, upon conclusive screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915(b); and 42 U.S.C. § 1997e(c)(1), the Court would dismiss the complaint without prejudice.

I. *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id.

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

(internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

4

II. DISCUSSION

    A. The Complaint

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. He alleges that on February 15, 2019, Detective Nicholas Berardis, in cooperation with the Atlantic City S.W.A.T. and Special Investigations Unit, executed a no knock search warrant, based on a warrant containing falsehoods and using a forged signature on the warrant. (Compl., Dkt. No. 1.) Plaintiff named as defendants Detective Berardis, Atlantic City, Atlantic City Police Department, and Special Investigation Unit. (Id.) For relief, Plaintiff seeks money damages and "time served" on the charges.[3] (Id.) Plaintiff did not indicate whether he has been convicted on the relevant charges or whether the charges remaining pending.

    B. Section 1983 Claims

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes

---

[3] Injunctive relief sentencing Plaintiff to "time served" is not an available remedy under § 1983. "[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Challenges to state court convictions and sentences must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254, after exhausting the state court appeals process.

5

> to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

"To state a successful § 1983 claim for knowingly falsified evidence, a plaintiff must show 'a reasonable likelihood that, absent that fabricated evidence, [she] would not have been criminally charged,' Black v. Montgomery Cty., 835 F.3d 358, 371 (3d Cir. 2016), or convicted, Halsey v. Pfeiffer, 750 F.3d 273, 294 (3d Cir. 2014)." Ortiz v. New Jersey State Police, 747 F. App'x 73, 77 (3d Cir. 2018). If establishing these elements would necessarily imply that the conviction [or charges] were invalid, the claims are barred by Heck v. Humphrey until such time as the conviction is reversed "'expunged by executive order, [or] declared invalid by a state tribunal authorized to make such a

6

determination." Id. at 79 (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)).

Here, Plaintiff has not alleged any facts that would allow the court to conclude there is a reasonable likelihood that, absent fabricated evidence, he would not have been criminally charged and/or convicted. In fact, it is unclear whether the criminal proceedings are ongoing or whether they concluded. Furthermore, to bring § 1983 claims against Atlantic City, Plaintiff must allege that his injury was inflicted by execution of the city's policy or custom and must identify the specific policy or custom. Santiago v. Warminster Twp., 629 F.3d 121, 135 (3d Cir. 2010) (citing Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978); McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009)).[4] Therefore, to avoid dismissal of the complaint upon conclusive screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c)(1), Plaintiff may amend his complaint, if he can allege facts that state a claim for relief.

---

[4] In addition to naming Atlantic City as a defendant, Plaintiff named the Atlantic City Police Department and the Special Investigation Unit. "[A] city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part" and a special unit within a police department is a further sub-unit, neither of which are separately liable under § 1983. Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d Cir. 2014) (citing e.g., Johnson v. City of Erie, 834 F.Supp. 873, 878-79 (W.D.Pa. 1993)).

III. CONCLUSION

The Court will administratively terminate this action, subject to reopening. An appropriate Order follows.


DATE:   July 29, 2020

                                        <u>s/Renée Marie Bumb</u>
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**